**C. A. JOHNSON, Appellant,**

v.

**Elmer CHILDERS and Callie Childers, Appellees.**

Court of Appeals of Kentucky.

Nov. 1, 1957.

Dan Jack Combs, Pikeville, for appellant.

J. Peyton Hobson, Jr., Pikeville, for appellee.

CLAY, Commissioner.

This suit involves the title to a 12 x 50 foot strip of land lying along the rear line of lot 8 of block 6 in the original subdivision of Elkhorn City. The trial court found that this strip was a part of lot 8, and adjudged title in the defendants. On

this appeal plaintiff contends the trial court's findings of fact and conclusions of law were erroneous.

When this subdivision was laid out in 1890 the plat showed lot 8 as extending back from Main Street 148 feet. The first deed to this property, however, described the lot as being 136 feet in depth. Some of the subsequent conveyances described the lot by reference to the original plat, and the discrepancy in descriptions continued for a great many years.

In 1922 one Charles bought the property and built outbuildings which extended to a line 148 feet from Main Street. These buildings remained on this lot for 27 years. In addition, the lot was subsequently fenced along the 148 foot line.

In 1942 the plaintiff bought this lot, and two years later acquired the adjoining tract lying behind it.

In 1947, after a divorce proceeding, plaintiff conveyed his remaining one-half undivided interest in this lot to his wife (he having theretofore conveyed her the other one-half interest during their marriage). This last deed described the property by reference to the original plat of the subdivision which, as above mentioned, showed the lot extending back 148 feet from Main Street. Defendants claim through the wife.

There is in this case a curious mixture of mistake, misdescription, construction, adverse possession and estoppel. They all lead to the conclusion that the trial court correctly adjudged title in the defendants.

Plaintiff contends that this 12 foot strip was never conveyed by the original owner as a part of lot 8, and therefore no subsequent purchaser of lot 8 could acquire title to it by deed. There is merit in this contention, although the discrepancy between the original deed description and the original plat (apparently not discovered for 40 years) may have justified a reformation of subsequent deeds in view of the transactions involving this and adjoining property. There is also merit in plaintiff's contention that the adverse possession of the strip as a part of lot 8 was washed out when plaintiff became the owner of both the lot and the adjoining tract to the rear, although this adverse possession did fix the depth of lot 8 as 148 feet.

■ However that may be, plaintiff confirmed the accepted dimensions of this lot when in 1947 he redivided his entire tract extending from Main Street to the river, and in his own deed described lot 8 "as shown on the map of Elkhorn City". As shown on the original plat, this lot was 148 feet deep. Plaintiff executed this deed in conformity with a court order, and he contends for that reason he should not be bound by his own act. Clearly it was the duty of plaintiff to raise any question concerning the correctness of the description of lot 8 before he executed the deed.

■ The Chancellor concluded that plaintiff was estopped by this deed, but the decision has a firmer foundation than the niceties of estoppel. The plaintiff conveyed all of his interest in a 148 foot lot which he then owned. Having conveyed this property, he could have no legal claim to any part of it in derogation of his own deed. In view of the history of this lot shown by the record, it seems to us that appellant by his deed was simply recognizing, as others had understood for so many years, that lot 8 was 148 feet in depth.

Plaintiff raises another question concerning a statement he made at an auctioneer's sale with respect to his ownership of the tract behind lot 8, but this statement had no bearing on the boundary line; which, in any event, plaintiff was in no position to dispute.

We believe the Chancellor, after making very careful findings of fact and conclusions of law, correctly decided this controversy.

Counsel for both parties are to be commended on the excellence of their briefs.

The judgment is affirmed.